IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CITY OF WILMINGTON, DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-1691C |
| | ) | (Judge M.E.C. Williams) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR JUDGMENT ON
THE PLEADINGS ON GOVERNMENT LIABILITY FOR INTEREST AND PENALTIES

Pursuant to Rule 12(c) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court grant judgment of Government non-liability for interest and penalties. In support of this motion we rely upon this brief and the pleadings.

STATEMENT OF THE ISSUES

1. Whether the Court should hold that the Government's waiver of sovereign immunity in 33 U.S.C. § 1323 does not extend to interest, and further hold that Wilmington code section 45-176(c), Wilmington's basis for interest, does not apply to storm water charges.

2. Whether the Court should hold that 33 U.S.C. § 1323's waiver of sovereign immunity does not extend to Wilmington's claimed penalties, and further hold that Wilmington code section 45-176(c), Wilmington's basis for penalties, does not apply to storm water charges.

STATEMENT OF THE CASE AND STATEMENT OF FACTS

This case involves Wilmington's attempts to levy storm water fees, penalties, and interest against five properties that are owned by the United States and used by the Army Corps of Engineers for dredging operations. As of December 22, 2016, Wilmington sought $1,185,929.24 in interest and $1,577,368.40 of alleged storm water fees and penalties. Compl. 10.

## SUMMARY OF THE ARGUMENT

Wilmington's complaint alleges that the United States has waived its sovereign immunity with respect to "reasonable service charges" pursuant to the Clean Water Act, 33 U.S.C. 1323(a). Compl. ¶ 6. In addition to seeking storm water fees under section 1323(a), Wilmington also seeks interest and penalties on the amount of storm water fees it alleges are due, owed, and unpaid by the Government. Compl. ¶ 51. In asserting these claims, Wilmington appears to rely upon section 1323's waiver of sovereign immunity with respect to interest and penalties.

As we demonstrate below, Wilmington's claim for interest fails the "no interest rule," which requires that a waiver of sovereign immunity for pre- or post-judgment interest be separate and distinct from the general waiver of sovereign immunity upon which the suit is based. *Marathon Oil Co. v. United States*, 374 F.3d 1123, 1126-27 (Fed. Cir. 2004), *cert denied sub nom*, *Mobil Oil Exploration & Producing Southeast, Inc. v. United States*, 544 U.S. 1031 (2005) (quoting *Library of Congress v. Shaw*, 478 U.S. 310, 314-15 (1986)).

Furthermore, section 1323's waiver of sovereign immunity does not extend to Wilmington's penalties because they are not "civil penalties arising under Federal law or imposed by a state or local court to enforce an order of the process of such court."

Finally, Wilmington code section 45-176(c) provides for neither interest nor penalties for storm water charges.

Accordingly, the Court should enter judgment in favor of the Government on Wilmington's claims for interest and penalties.

## ARGUMENT

I.     Standard Of Review For A Motion For Judgment On The Pleadings

The Federal Circuit reviews a decision of this Court to grant judgment on the pleadings under RCFC 12(c) by "apply[ing] the same standard of review as a case dismissed pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure, and review[s] the judgment *de novo*.'" *Xianli Zhang v. United States*, 640 F.3d 1358, 1364 (Fed. Cir. 2011). Statutory interpretation and the existence and scope of a sovereign immunity waiver are issues of law that are reviewed *de novo*. *Norfolk Dredging Co. v. United States,* 375 F.3d 1106, 1108 (Fed. Cir. 2004); *see Chiu v. United States*, 948 F.2d 711, 713 (Fed. Cir. 1991).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Bell Atl. Corp.*, 550 U.S. at 555, 557). The Court must accept as true all well-pleaded allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Id*. at 678. Courts, however, should regard the purpose of Rule 12(b)(6) "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys. v. SciMed Life Sys.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993). "[A] complaint should be dismissed under RCFC 12(b)(6) 'when the facts asserted by the claimant do not entitle him to a legal remedy.'" *Steward v. United States*, 80 Fed. Cl. 540, 542–43 (2008) (quoting *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002)).

II.     The Government Is Not Liable For Interest

    A.     Section 1323 Does Not Waive Government Sovereign Immunity From Interest

Wilmington seeks interest under Wilmington code section 45-176. Compl. ¶¶ 51-52.

Interest requires a specific waiver of sovereign immunity. 28 U.S.C. § 2516(a) ("Interest on a claim against the United States shall be allowed . . . only under a contract or Act of

3

Congress expressly providing for payment thereof."); *see also Library of Cong. v. Shaw*, 478 U.S. 310, 323 (1986); *id*. at 317 ("In creating the Court of Claims, Congress retained the Government's immunity from awards of interest, permitting it only where expressly agreed to under contract or statute.") (*citing* 28 U.S.C. § 2516(a)); *Doyle v. United States,* 931 F.2d 1546, 1550 (Fed. Cir. 1991) ("In *Shaw*, the Supreme Court held that Congress must expressly waive the Government's sovereign immunity from suits for interest payments. . . .").

And, the required specific sovereign-immunity waiver must be crystal clear. The Supreme Court has explained that it "must be 'unequivocally expressed' in statutory text," "[l]egislative history cannot supply a waiver that is not clearly evident from the language of the statute," "ambiguities in the statutory language are to be construed in favor of immunity . . . so that the Government's consent to be sued is never enlarged beyond what a fair reading of the text requires," and that when "[a]mbiguity exists if there is a plausible interpretation of the statute that would not authorize money damages" a court must "construe any ambiguities in the scope of a waiver in favor of the sovereign." *F.A.A. v. Cooper*, 132 S. Ct. 1441, 1448 (2012).

Moreover, a waiver of sovereign immunity for pre- or post-judgment interest must be separate and distinct from the general waiver of sovereign immunity upon which the suit is based. *Marathon Oil Co.*, 374 F.3d at 1126–27.

Here, Wilmington appears to rely upon section 1323 to waive the Government's sovereign immunity for interest because Wilmington alleges no other basis. Section 1323 provides in relevant part that

> Each department, agency, or instrumentality of . . . the Federal Government . . . shall be subject to, and comply with, all Federal, State, interstate, and local requirements, administrative authority, and process and sanctions respecting the control and abatement of water pollution in the same manner, and to the same extent as any nongovernmental entity including the payment of *reasonable*

> *service charges*. The preceding sentence shall apply (A) to any requirement whether substantive or procedural (including any recordkeeping or reporting requirement, any requirement respecting permits and any other requirement, whatsoever), (B) to the exercise of any Federal, State, or local administrative authority, and (C) to any process and sanction, whether enforced in Federal, State, or local courts or in any other manner. This subsection shall apply notwithstanding any immunity of such agencies, officers, agents, or employees under any law or rule of law.

33 U.S.C. § 1323(a) (emphasis added). The statute further explains that "reasonable service charges . . . include any reasonable nondiscriminatory fee, charge, or assessment that is–"

> (A) based on some fair approximation of the proportionate contribution of the property or facility to stormwater pollution (in terms of quantities of pollutants, or volume or rate of stormwater discharge or runoff from the property or facility); and
>
> (B) used to pay or reimburse the costs associated with any stormwater management program . . . regardless of whether that reasonable fee, charge, or assessment is denominated a tax.

33 U.S.C. § 1323(c).

This Court should hold that section 1323 does not waive the Government's sovereign immunity from interest for five reasons.

First, the statute provides for payment of "reasonable service charges." 33 U.S.C. § 1323(a). The plain language of "service charges" encompasses charges for service – not charges for "the time value of money and loss of use of amounts not paid when they are due." *Id.*; *Am. Airlines, Inc. v. United States*, 77 Fed. Cl. 672, 684 (2007) (citing *Motion Picture Ass'n of Am., Inc. v. Oman*, 969 F.2d 1154, 1157 (D.C. Cir. 1992)); *Jones v. United States*, 371 F.2d 442, 450 (Ct. Cl. 1967) ("[I]nterest is . . . a charge for the use of money. . . ."); *United States v. Childs*, 266 U.S. 304, 309-10 (1924) (intent of interest is to compensate for delay in payment).

Second, even if section 1323(a)'s plain language were not clear, which it is, Congress defined "reasonable service charge[]" in section 1323(c) and omitted interest. Congress did so

5

despite its presumed knowledge that interest requires an explicit waiver. *Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 184–85 (1988) ("We generally presume that Congress is knowledgeable about existing law pertinent to the legislation it enacts."); 28 U.S.C. § 2516(a).

Third, other language in section 1323(a) evidences that Congress's waiver is narrow. Specifically, in discussing another *extra* charge – penalties – the statute allows liability "only for those civil penalties arising under Federal law or imposed by a State or local court to enforce an order of the process of such court." 33 U.S.C. § 1323(a). Thus, section 1323(a) only permits a civil penalty in two narrow circumstances. *Id*. These narrow conditions further evidence that section 1323's waiver should not be construed broadly to include another *extra* charge – interest.

Fourth, Wilmington's own regulations do not include interest in the definition of "storm water charge." Wilmington City Code § 45-53(a) ("*Storm water charge* means the quarterly charge for storm water management assessed to a parcel within the city based on the use of the parcel on the last day of the quarter of the billing period.") (emphasis in original).

Fifth, although not controlling for this Court, a United States District Court in New York has held that section 1323's sovereign immunity waiver does not include interest:

> The CWA [Clean Water Act, 33 U.S.C. § 1323] . . . *do[es] not contain clear and unambiguous waivers of the United States' immunity from prejudgment interest awards* separate and apart from the limited waiver of immunity from suit provided by these statutes. *There is no language in these statutes which states that the United States is liable for prejudgment interest. Thus, the defendant is immune from plaintiff's claim for the same*, and the United States is therefore entitled to summary judgment dismissing that portion of plaintiff's complaint which seeks such an award.

*New York State Dep't of Envtl. Conservation v. U.S. Dep't of Energy*, 772 F. Supp. 91, 105 (N.D.N.Y. 1991), *supplemented*, 850 F. Supp. 132 (N.D.N.Y. 1994) (emphasis added).

For these five reasons, section 1323 has not "expressly waive[d] the Government's sovereign immunity from suits for interest payments. . . ." *Doyle,* 931 F.2d at 1550.

6

Accordingly, the Court should grant judgment in favor of the Government on Wilmington's claim for interest.

B.  Wilmington Code Section 45-176(c) Does Not Apply To Storm Water Charges

Even if the Government had waived its sovereign immunity from interest, which it has not, the regulation Wilmington relies upon to recover interest does not apply to storm water.

Wilmington correctly states that Wilmington code section 45-176(c) provides that "interest shall become due and payable as of the first day of each month on the total amount of *any such unpaid charges*. . . ." Compl. ¶ 52 (emphasis added).  But Wilmington omits that section 45-176(c)'s immediately prior sentence sets forth the covered "unpaid charges." That sentence states that "if any *water facilities charges* or *water usage charges*, or *sewer system charges*, or any combination thereof, imposed pursuant to the provisions of this article and of article II of this chapter *are not paid* when due. . . ." Wilmington City Code § 45-176(c) (emphasis added).  Thus, interest only applies to three distinct types of charges (or a combination thereof), none of which are the storm water charges at issue in this case.

Wilmington claims interest on five accounts based upon an example Quarterly Utility Statement for each account.  Compl. ¶¶ 53-57, 28 (Ex. B), 33 (Ex. C), 38 (Ex. D), 43 (Ex. E), 48 (Ex. F).  But Wilmington's statements only include amounts allegedly due for "Storm Water Charges" and *do not include* any amounts allegedly due for any "Facilities Charge," "Water Consumption," or "Sewer Charges."  Compl. Exs. B-F.

In sum, the category of the charges for which Wilmington alleges Government liability – "Storm Water Charges" – does not accrue interest under section 45-176(c)'s plain language.

7

III.    <u>The Government Is Not Liable For Wilmington's Claimed Penalties</u>

To the extent that Wilmington's claimed amounts include penalties allegedly due under Wilmington code section 45-176(c) the Government is not liable for Wilmington's claimed penalties for two reasons.[1]

First, the Government's waiver of sovereign immunity does not extend to Wilmington's claimed penalties.  Section 1323(a) provides that "the United States shall be liable only for those civil penalties arising under Federal law or imposed by a State or local court to enforce an order of the process of such court."  33 U.S.C. § 1323(a).  Wilmington's claimed penalties fall under neither category and the Government is immune from such penalties.  *See Metro. Sanitary Dist. of Greater Chicago v. U.S. Dep't of Navy*, 722 F. Supp. 1565, 1571-72 (N.D. Ill. 1989).

Second, the penalties do not apply to storm water charges.  Section 45-176(c) provides that "if any *water facilities charges* or *water usage charges*, or *sewer system charges*, or any combination thereof, imposed pursuant to the provisions of this article and of article II of this chapter are not paid when due, *penalty charges* . . . shall become due. . . ."  Wilmington City Code § 45-176(c) (emphasis added).  As described immediately above in part II.B, the Quarterly Utility Statements assessed against the Government include only amounts allegedly due for "Storm Water Charges" – not amounts for "Facilities Charge," "Water Consumption," or "Sewer Charges."  Compl. Exs. B-F.  Thus, section 45-176(c) does not provide for penalties.  As such, the Court should grant judgment in favor of the Government on Wilmington's penalties claim.

---

[1] Although neither Wilmington's complaint nor its initial disclosures detail its alleged damages, Wilmington's counsel has represented that Wilmington's claimed amounts include penalties allegedly due under Wilmington code section 45-176(c).

## CONCLUSION

For the foregoing reasons, the Government respectfully requests the Court grant our motion for judgment on the pleadings of non-liability for interest and penalties.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director


s/Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/Douglas T. Hoffman
DOUGLAS T. HOFFMAN
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Tel: (202) 353-0547

October 26, 2017                                        Attorneys for Defendant